990 F.2d 1266
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Patrick H. ZANZUCCHI, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-15017.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 15, 1993.*
Decided March 19, 1993.
 
 Before CHOY, GOODWIN and BEEZER, Circuit Judges.
 MEMORANDUM**
 Patrick Henry Zanzucchi appeals a judgment dismissing his action filed under 28 U.S.C. § 2674 (the Federal Tort Claims Act). His complaint alleged that the government had wrongfully prosecuted him when he was convicted in 1986 of several counts of an indictment charging conspiracy, possession, and related drug offenses, including a count of operating a continuing criminal enterprise. The district court dismissed the action as untimely, and, added as an alternative ground for dismissal, Fed.R.Civ.P. 12(b)(6), because the federal prosecutor was protected by immunity for the conduct of the prosecution.
 We affirm the judgment. The action was time barred by the terms of 28 U.S.C. § 2401(b) which required him to file his claim with the federal agency which had employed the allegedly negligent employee within two years of the accrual of the claim. Zanzucchi knew in 1986 that the government had not made available to him the possibly exculpatory testimony of a grand jury witness, but did not pursue the claim by filing it with the FBI until after this court had reversed one count of his conviction because the undisclosed testimony might have had some value to his defense as "Brady" material. (We held that the grand jury testimony of one Prida should have been disclosed to the defense under the doctrine of Brady v. Maryland, 373 U.S. 83 (1963). Prida was said to have told the grand jury that Zanzucchi had not supervised one of the five persons the government charged him with supervising in his cocaine distribution business.) Accordingly, this court vacated the conviction on the count of operating a criminal enterprise.
 Zanzucchi is mistaken, however, in contending that his cause of action, if any, for the failure to disclose Brady material accrued only after this court had held that the evidence should have been disclosed to him. The wrong, if any, was committed and completed when the prosecutor failed to make available to the defense the allegedly exculpatory evidence. Zanzucchi knew of the omission when he appealed his conviction in 1986, some four years before he first filed a claim with any branch of the Justice Department.
 
 
 1
 Because his action was obviously time barred, we need not discuss the District Court's alternative ground for dismissing the case, that the prosecutor was absolutely immune from tort liability under Imbler v. Pachtman, 424 U.S. 409 (1976).
 
 
 2
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3